#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| KEVIN ATKIN, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. CIV-24-00670-PRW |
| | ) | |
| TAMALA N. WILSON, et al., | ) | |
| | ) | |
| Defendants. | ) | |

### ORDER

Before the Court is Defendants' Motion to Dismiss (Dkt. 12) and Plaintiffs' Response (Dkt. 13). Defendants did not file a reply. For the reasons discussed below, the Court **GRANTS** the Motion (Dkt. 12).

*Background*

This case arises out of a settlement agreement dispute. Plaintiffs allege that on November 3, 2023, they filed a state court action on behalf of Defendant Flash Networks Group, Inc., against Defendants Tamala N. Wilson, Sharon Simmons, Connie Klug, and others, in the District Court of Cleveland County, Oklahoma. The state court afterward ordered that Flash Networks Group be named a nominal party defendant. On or about March 29, 2024, the parties entered into a settlement agreement. Plaintiffs allege that Defendants defaulted, and subsequently filed suit in this Court on July 2, 2024, bringing claims for breach of contract and fraud. (Dkt. 1).

Defendants move to dismiss Counts II–IV of the Complaint, arguing that Plaintiffs have not stated a claim on which relief may be granted. They also move to dismiss the

1

entire complaint, arguing that this Court is an improper venue under the terms of the Settlement Agreement. The Court concludes that the doctrine of *forum non conveniens* mandates dismissal of this action, so it need not address the merits of the Complaint.

### *Legal Standard*

Federal law provides two means for enforcing a valid, mandatory forum-selection clause. Where the forum selection clause selects another federal district court as the appropriate venue, a party may seek to enforce the clause through a motion to transfer pursuant to 28 U.S.C. § 1404(a).[1] But where, as here, the forum-selection clause selects a state court, "the appropriate way to enforce a forum-selection clause . . . is through the doctrine of *forum non conveniens*."[2] The difference is the remedy (i.e., transfer vs. dismissal), as courts are to "evaluate a forum-selection clause pointing to a nonfederal forum in the same way that they evaluate a forum-selection clause pointing to a federal forum."[3]

"In the typical case not involving a forum-selection clause," a district court considering a *forum non conveniens* motion "must evaluate both the convenience of the parties and various public-interest considerations."[4] In practice, that means that "the district court would weigh the relevant factors and decide whether, on balance, a [dismissal] would serve 'the convenience of parties and witnesses' and otherwise promote 'the interest of

---

[1] *See Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Tex.*, 571 U.S. 49, 59 (2013).
[2] *Id.* at 60.
[3] *Id.* at 61 (citation omitted).
[4] *Id.* at 62–63 (footnote omitted).

justice.'"[5] An important aspect of that analysis is that the court must "give some weight" to the plaintiff's choice of forum.[6]

"The calculus changes, however, when the parties' contract contains a valid forum-selection clause, which 'represents the parties' agreement as to the most proper forum.'"[7] In that instance, where the clause covers the claims at issue, the clause should "be 'given controlling weight in all but the most exceptional cases.'"[8] This means that "the plaintiff's choice of forum merits no weight," and "as the party defying the forum-selection clause, the plaintiff bears the burden of establishing" that dismissal in favor of litigating the dispute in "the forum for which the parties bargained is unwarranted."[9] In attempting to carry its burden, the plaintiff may not rely on "arguments about the parties' private interests" because "whatever inconvenience the parties would suffer by being forced to litigate in the contractual forum as they agreed to do was clearly foreseeable at the time of contracting."[10] Instead, the plaintiff may rely on "public-interest factors only."[11] And because those factors

---

[5] *Id.* (quoting 28 U.S.C. § 1404(a)).

[6] *Id*. at 62 n.6 (citation omitted).

[7] *Atl. Marine*, 571 U.S. at 63 (quoting *Stewart Org., Inc. v. Ricoh Corp.,* 487 U.S. 22, 31 (1988)).

[8] *Id.* at 59–60 (quoting *Stewart Org.,* 487 U.S. at 33 (Kennedy, J., concurring)).

[9] *Id.* at 63.

[10] *Id.* at 64 (cleaned up) (quoting *The Bremen v. Zapata Off–Shore Co.,* 407 U.S. 1, 17–18 (1972)).

[11] *Id.* (citation omitted).

"will rarely defeat" a *forum non conveniens* motion, "the practical result is that forum-selection clauses should control except in unusual cases," which "will not be common."[12]

*Analysis*

Defendants attached the Settlement Agreement to the Motion.[13] The Settlement Agreement contains a forum-selection clause which provides as follows:

> **15.    Disputes. EACH SETTLING PARTY HEREBY CONSENTS TO THE EXCLUSIVE JURISDICTION OF THE DISTRICT COURT LOCATED IN THE COUNTY OF OKLAHOMA, OKLAHOMA (OR ANY APPELLATE COURT HAVING JURISDICTION OVER ANY SUCH COURT) AND IRREVOCABLY AGREES THAT ALL ACTIONS OR PROCEEDINGS ARISING OUT OF OR RELATING TO THIS SETTLEMENT AGREEMENT, SHALL BE LITIGATED IN SUCH COURTS.**[14]

Defendants argue that the forum-selection clause limits the proper forum to the District Court of Oklahoma County, Oklahoma. Plaintiffs do not contest the enforceability of the forum-selection clause, nor do they deny that it governs this dispute. Instead, they argue that the clause includes both the Oklahoma County District Court and the United States District Court for the Western District of Oklahoma.

## I.    Oklahoma law governs the forum-selection clause's interpretation.

Before considering the enforceability of the clause, the Court must first determine what law governs its interpretation. Federal law generally "governs the [d]istrict [c]ourt's

---

[12] *Id.*

[13] (Dkt. 12-1).

[14] Settlement Agreement (Dkt. 12-1), ¶ 15.

4

decision whether to give effect to the parties' forum-selection clause[.]"[15] But "when a contract 'has both choice-of-law and forum-selection provisions, the forum-selection provision must ordinarily be interpreted under the law chosen by the parties.'"[16] The Settlement Agreement contains a choice of law clause which provides that Oklahoma law governs,[17] and the parties do not urge otherwise. The Court therefore interprets the forum-selection clause under Oklahoma law. Regardless, the Court would reach the same result under either Oklahoma or federal law because both bodies of law regarding forum-selection clauses are substantially similar.[18]

## II. This Court is an improper venue under the forum-selection clause.

The forum-selection clause identifies the District Court of Oklahoma County, Oklahoma as the only proper forum for this dispute. Determining the scope of a forum-

---

[15] *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 32 (1988) (footnote omitted).

[16] *Howes v. N.M. Dep't of Health*, No. 22-2052, 2025 WL 326074, at *4 (10th Cir. Jan. 29, 2025) (quoting *Yavuz v. 61 MM, Ltd.*, 465 F.3d 418, 421 (10th Cir. 2006); *Elna Sefcovic, LLC v. TEP Rocky Mountain, LLC*, 953 F.3d 660, 673 n.13 (10th Cir. 2020); *Kelvion, Inc. v. PetroChina Canada Ltd.*, 918 F.3d 1088, 1092 n.2 (10th Cir. 2019).

[17] Settlement Agreement (Dkt. 12-1), ¶ 16.

[18] *See Triple "S" Operating Co., LLC v. Ezpawn Okla., Inc.*, No. 10-CV-0328-CVE-FHM, 2010 WL 2690376, at *2 (N.D. Okla. June 30, 2010) ("The Court need not resolve the choice of law issue, because Oklahoma and federal law regarding forum-selection clauses are substantially similar." (citing *Hunnicutt v. CHF Solutions, Inc.*, No. 10–CV–0042–CVE–FHM, 2010 WL 1078470, at *3 (N.D. Okla. March 18, 2010) (noting that federal and Oklahoma law regarding forum-selection clauses are substantially similar and that interpretation of the disputed clause would not change based on the choice of law))); *see also Excell, Inc. v. Sterling Boiler & Mechanical, Inc.*, 106 F.3d 318, 320 (10th Cir. 1997) (declining to decide whether state or federal law applied to a forum-selection clause because there were no material discrepancies between Colorado and federal common law on these matters).

selection clause is a matter of contract interpretation,[19] and "[t]he starting point, of course, is the language of the clause itself."[20] As Defendants argue, the definite article "the" before "The District Court Located in the County of Oklahoma, Oklahoma" indicates that the parties intended to litigate any disputes in *the* District Court of Oklahoma County. While this Court sits in a courthouse located in Oklahoma County, it is the district court for the entire Western District of Oklahoma, which includes 40 counties. Importantly, the clause does not denote "any district court" or "the district courts" located in Oklahoma County.

Plaintiffs argue that the use of the plural in the phrase "shall be litigated in such courts" evinces the parties' intent to permit filing in either Oklahoma County District Court or in the United States District Court for the Western District of Oklahoma. Such a construction, however, violates the rule of last antecedent.[21] "Shall be litigated in such courts" follows the parenthetical "any appellate court having jurisdiction over any such

---

[19] *Kelvion,* 918 F.3d at 1092 (10th Cir. 2019) ("The scope of a forum-selection clause is evaluated according to ordinary principles of contract interpretation.").

[20] 14D Charles A. Wright & Arthur R. Miller, *Federal Practice & Procedure* § 3803.1 (4th ed. 2022); *see also Haworth v. Jantzen*, 172 P.3d 193, 197 (Okla. 2006) ("If it is not ambiguous, we accept the contract language in its plain, ordinary, and popular sense." (footnote omitted) (collecting cases)); OKLA. STAT. tit. 15, § 154 ("The language of a contract is to govern its interpretation, if the language is clear and explicit, and does not involve an absurdity.").

[21] *Talley v. Harris*, 182 P.2d 765, 49–50 (Okla. 1947) (The rule of last antecedent is "well known and established." (collecting cases)); *Payless Shoesource, Inc. v. Travelers Companies, Inc.*, 585 F.3d 1366 (10th Cir. 2009) ("Operating on the assumption that most contracts follow most rules of grammar, courts tend to prefer interpretations that conform to those rules." Although "the last antecedent presumption 'can assuredly be overcome by other indicia of meaning.'" (quoting *Jama v. Immigration & Customs Enforcement*, 543 U.S. 335, 355, (2005)).

court." "Courts" thus refers to the District Court of Oklahoma County, Oklahoma, and any appellate court having jurisdiction over it.

### III.  The forum-selection clause is enforceable.

Plaintiffs advance only one interest in their argument against dismissal: that the parties' attorneys are in Oklahoma County. Thus, they argue, limiting the forum to courts in Oklahoma County would reduce the time and attorney's fees associated with the attorneys traveling to and from Cleveland County. This is predominately a private interest and has little to no bearing on the interests of justice. Because Plaintiffs may not rely on private interests,[22] they have not carried their burden of showing that dismissal is unwarranted. Moreover, the interest that Plaintiffs articulated is still served by bringing the case in the District Court of Oklahoma County, Oklahoma. The forum-selection clause is therefore enforceable.

### *Conclusion*

Accordingly, the Court **GRANTS** the Motion (Dkt. 12) and **DISMISSES** the Complaint **WITHOUT PREJUDICE** to Plaintiffs' right to seek relief in the District Court of Oklahoma County, Oklahoma.

**IT IS SO ORDERED** this 18th day of March 2025.

_____
PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE

---

[22] *Atl. Marine*, 571 U.S. at 63.